**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **KRAIG PAYNE,**<br>**#Y40610,** | |
| **Plaintiff,** | **Case No. 25-cv-01008-SPM** |
| **v.** | |
| **JAMES E. SHADID,**<br>**HULICK,**<br>**JAMES ROBINSON,**<br>**PAUL O WATKISS,**<br>**MARK LOREN ALANSON,**<br>**LINDSAY VANFLEET ROSE,**<br>**STEPHENSON CLAYTON,**<br>**ENRIQUE RUIZ, and**<br>**JOHN GUANZON,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Kraig Payne, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. He also indicates that he is pursuing claims the Federal Tort Claims Act (28 U.S.C. §§ 1346, 2671-2680). The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### DISCUSSION

Plaintiff states that on June 4, 2024, a civil case that he was litigating in the Central District

Page 1 of 5

of Illinois, *Payne v. John,* Case No. 22-cv-04141-JES (C.D. Ill.), was dismissed by District Judge James E. Shadid based on Plaintiff's failure to exhaust his administrative remedies prior to initiating the suit. (Doc. 1, p. 6). He asserts that Judge Shadid wrongly granted the motion for summary judgment and dismissed his case by accepting false documents. (*Id.*). Plaintiff tried to alert Judge Shadid to discrepancies in the defendant's exhibits by filing a "motion to correct dates, default judgment, [and] notice in errors," but Judge Shadid did not look into Plaintiff's assertions. (*Id.* at p. 6, 7). Plaintiff asserts that the Chairperson of the Administrative Review Board (ARB), Stephenson Clayton, lied in his affidavit regarding ARB records and that Judge Shadid and Assistant Attorneys General Robinson, Watkiss, Alanson, and Vanfleet Rose did not contact Counselor Hulick to ensure the correct evidence was before the Court. (*Id.* at p. 8). Plaintiff is suing Judge Shadid; Assistant Attorneys General Robinson, Watkiss, Alanson, and VanFleet Rose; Counselor Hulick; John Guanzon, the defendant in Case No. 22-cv-0414-JES; Stephenson Clayton, Chairperson of the ARB; and Counselor Ruiz. Plaintiff states that he is suing Defendants for violating his due process rights. (*Id.*). Plaintiff requests monetary damages in the amount of 100 trillion dollars. (*Id.* at p. 9).

Plaintiff's Complaint fails to state a claim for several reason. Although Plaintiff seeks damages, he is effectively challenging the decisions of Judge Shadid by filing this Section 1983 case, which he cannot do. The Court cannot sit in review of a fellow district judge's rulings. Plaintiff's "only avenue for challenging a judge's decision is through the appeal process." *Bradd v. Leinenweber,* No. 07 C 6101, 2008 WL 11504103, at *1 (citing *United States v. Balogun*, 971 F. Supp. 1215, 1237 (N.D. Ill. 1997)). *See also Brushwood v. Litscher,* No. 00-C-357-C, 2000 WL 34229420, at *1 (W.D. Wisc. Aug. 21, 2000) (a plaintiff "cannot bring a challenge in this court to the adverse action of another district court"). Plaintiff appealed the order granting summary judgment and the judgment in Case No. 22-cv-04141-JES, but his appeal was dismissed for failure

to pay the required filing fee. *See Payne v. John,* No. 24-2041 (7th Cir. Ill. Sept. 20, 2024). If Plaintiff disagrees with the Seventh Circuit Court of Appeals, his recourse is to appeal to the United States Supreme Court, not file suit in another federal district.

The Court further notes that Plaintiff may not sue Judge Shadid for damages, as Judge Shadid is protected by judicial immunity. "The Supreme Court has repeatedly held that a judge may not be held to answer in civil damages for acts committed in the exercise of his judicial capacity." *Bradd,* 2008 WL 11504103, at *1 (citing *Forrester v. White,* 484 U.S. 219, 228 (1988); *Stump v. Sparkman,* 435 U.S. 349, 362-63 (1978); *Pierson v. Ray,* 386 U.S. 547 (1967)). Judge Shadid was acting in his official capacity as a district judge in granting the motion for summary judgment and ruling on Plaintiff's motions, and Judge Shadid cannot be deprived of judicial immunity because his actions were allegedly done in error or even maliciously. *Stump,* 435 U.S. at 356-57.

Plaintiff's attempt to state a due process claim against the remaining Defendants also fails. Plaintiff claims that Stephenson Clayton's statement in his declaration that there were no records of Plaintiff filing an appeal with the ARB was false. Plaintiff also asserts that he received discovery in another civil case in May 2025 that included a grievance that he tried "to explain" to the court would support his exhaustion arguments in *Payne v. John*, No. 22-cv-04141-JES (C.D. Ill.). But Plaintiff does not articulate how Defendants' conduct amounted to a due process violation. As Plaintiff states, he filed a motion notifying Judge Shadid of the perceived errors. Though his motion was not granted, and he lost the case, "he received a decision, and he had the opportunity to appeal. This was all the process [Plaintiff] was due." *Talley v. United States,* No. 22-cv-01711, 2023 WL 5162048, at *8 (M.D. Penn. July 5, 2023).

And finally, the Court dismisses all claims brought under the Federal Tort Claims Act, 28 U.S.C. §§1346, 2671-80. Plaintiff is a state prisoner, not a federal prisoner. The Federal Tort

Claims Act (FTCA) provides jurisdiction for actions against the United States regarding torts committed by federal officials. The defendants in this case are all state employees. Therefore, Plaintiff's claims do not fall within the jurisdiction of the FTCA.

Because Plaintiff has failed to state a constitutional claim against any of the Defendants, the Complaint does not survive screening under 28 U.S.C. § 1915A and shall be dismissed. Generally, the Court freely grants leave to amend for pro se litigants. It is convinced, however, after reviewing the Complaint that Plaintiff will not be able to present a valid Section 1983 claim premised on his dissatisfaction with the ruling in *Payne v. John. See e.g., Always Towing & Recovery, Inc. v. City of Milwaukee,* 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *Owens v. Hinsley,* 635 F.3d 950, 956 (7th Cir. 2011). Accordingly, the Complaint will be dismissed with prejudice, and this case closed.

### DISPOSITION

For the reasons stated above, the Complaint and this entire action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. The Court considers the dismissal of this action as a "strike" under 28 U.S.C. § 1915(g).

The Motion to Show Cause is **DENIED as moot.** (Doc. 13).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the case was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

Plaintiff may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien,* 133 F.3d at 467. Moreover, if the

appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: December 1, 2025**

 *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**